IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLIE JOE CHAPMAN, | ) | 8:12CV370 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DOUGLAS COUNTY OFFICIALS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on its own motion. Plaintiff filed his Complaint and Brief in Support of Complaint on October 18, 2012. (Filing Nos. 1 and 2.) At the direction of the court, Plaintiff filed an Amended Complaint on January 28, 2013. (Filing No. 14.) The court ordered Plaintiff to file the Amended Complaint because it determined that the allegations in his original Complaint were "unorganized and rambling, Plaintiff fail[ed] to clearly set forth who the Defendants are, and he utterly fail[ed] to identify which allegations and legal theories relate to each Defendant." (Filing No. 13 at CM/ECF p. 3.) Thus, per the court's order, Plaintiff was to file an amended complaint that complied with the general rules of pleading set forth in Federal Rules of Civil Procedure 8 and 10.

    The court has carefully reviewed Plaintiff's Amended Complaint, and it also fails to comply with the general rules of pleading. Specifically, the court cannot determine who Plaintiff intends to name as Defendants in this matter. For example, Plaintiff named the following Defendant in the caption of the Amended Complaint: "2) U.S. MARSHAL'S OFFICE OMAHA, NE FOR OFC TRAVIS JARZYNKA 12/14/2010." (Filing No. 14 at CM/ECF p. 1.) It is unclear from the caption of the Amended Complaint and the body of the Amended Complaint whether Plaintiff intended to name both the marshal's service and Travis Jarzynka as defendants, or only one or the other. The same is true for other agencies and individuals listed in the caption of the Amended Complaint. (*See id.* ("DOUGLAS COUNTY SHERIFF DEPT. FOR E. JONES ON

12/14/2010" and "DOUGLAS COUNTY PUBLIC DEFENDER'S OFFICE FOR [] YVONNE D. SOSA GAYTON, SCOTT SLADEK, AND TIM BURNS").)

IT IS THEREFORE ORDERED that:

1. On the court's own motion, the court will give Plaintiff one final opportunity to file an amended complaint in accordance with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff must file a second amended complaint by May 13, 2013. Plaintiff's second amended complaint must: (1) clearly set forth the name of each defendant; (2) clearly set forth a short and plain statement of the claims against each defendant; (3) state claims in numbered paragraphs limited to a single set of circumstances; and (4) set forth each legal theory and how it relates to each defendant.

2. Plaintiff's second amended complaint must restate the allegations of his Complaint and Amended Complaint, plus any new allegations. **Failure to consolidate all claims into one document may result in the abandonment of claims**.

3. The court will dismiss this matter without further notice if Plaintiff fails to file a second amended complaint or files a second amended complaint that does not comply with the general rules of pleading.

4. The clerk's office is directed to set a pro se case management deadline in this matter: May 13, 2013: Check for second amended complaint and dismiss if none filed or fails to comply with general pleading requirements.

5. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in this Memorandum and Order.

2

6. Plaintiff's request for the appointment of counsel (Filing No. 1 at CM/ECF p. 1) is denied. The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. Thus, the request for the appointment of counsel is denied without prejudice to reassertion.

DATED this 11th day of April, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.