IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLIE JOE CHAPMAN, | ) | 8:12CV370 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CHRIS ANDERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Billie Jo Chapman ("Plaintiff") filed his Complaint in this matter on October 18, 2012. (Filing No. 1.) Upon the court's direction, Plaintiff filed an Amended Complaint on January 28, 2013, and a Second Amended Complaint on May 13, 2013. (Filing Nos. 14 and 16.) This court has given Plaintiff leave to proceed in forma pauperis. (Filing No. 9.) The court now conducts an initial review of Plaintiff's Second Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff is incarcerated at the Clarinda Correctional Facility in Clarinda, Iowa. (Docket Sheet.) He has sued three officers with the Council Bluffs, Iowa, Police Department, Chris Anderson ("Anderson"), Travis Jarzynka ("Jarzynka"), and R.L. Mabbitt ("Mabbitt"). (Filing No. 16 at CM/ECF pp. 3, 5, 20.) Plaintiff alleges that Jarzynka is also a volunteer with the United States Marshal's Service. (*Id.* at CM/ECF p. 5.) Plaintiff has sued one officer with the Douglas County Sheriff's Department, E. Jones ("Jones"). (*Id.* at CM/ECF p. 8.) Plaintiff has sued three deputy public defenders with the Douglas County Public Defender's Office, Yvonne Sosa-Gayton ("Sosa-Gayton"), Scott Sladek ("Sladek"), and Tim Burns ("Burns"). (*Id.* at CM/ECF pp. 12, 18.) He has sued two officers with the Pottawattamie County, Iowa, Sheriff's Department, Eric Rogers ("Rogers") and Steve Barrier ("Barrier"). (*Id.* at CM/ECF pp. 14-16.) Finally, Plaintiff has sued Higgins, a deputy with the United States

Marshal's Service. (*Id.* at CM/ECF p. 19.) Plaintiff has sued all Defendants in their individual capacities only. (*Id.* at CM/ECF p. 1.)

Plaintiff alleges that acting upon direction from Anderson, Jarzynka and Jones entered Plaintiff's house with an "Iowa warrant" and forcibly arrested Plaintiff on December 14, 2010. (*Id.* at CM/ECF pp. 5-8.) During the arrest, Jarzynka punched Plaintiff in the mouth and deployed his taser gun on him, which resulted in Plaintiff being transported to the hospital. (*Id.* at CM/ECF pp. 5-6.) Plaintiff was incarcerated in Douglas County, Nebraska, for 66 days. (*Id.* at CM/ECF p. 14.) On February 18, 2011, Rogers and Barrier forcibly transported Plaintiff to Iowa, though Plaintiff "never waived extradition." (*Id.* at CM/ECF pp. 14-16.) It appears from the documents attached to Plaintiff's Second Amended Complaint that Plaintiff was extradited to Iowa without first appearing before a Nebraska state judge to contest his extradition to Iowa. (*See id.* at CM/ECF pp. 60-61.) Plaintiff alleges that Sosa-Gayton, Sladek, and Burns represented Plaintiff as his public defenders prior to his extradition and that their representation was ineffective. (*Id.* at CM/ECF pp. 12, 18.)

Plaintiff's Second Amended Complaint does not set forth a claim for damages. (*See id.* at CM/ECF p. 2 ("Plaintiff preserve [sic] the Right to have more time to request Damages, and/or have an Attorney whom is trained in the law to file Damages properly").) However, Plaintiff's Complaint sets forth that Plaintiff seeks money damages in the amount of $5,000,000.00. (Filing No. 1 at CM/ECF p. 2.) The court will consider Plaintiff's claim for money damages in his Complaint (*id.*) as his claim for damages. See NECivR 15.1(b) (stating that in pro se cases the court may consider an amended pleading as supplemental to the original pleading).

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious

claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION OF CLAIMS

**A.    Improper Extradition to Iowa**

Liberally construed, Plaintiff brings an action under section 1983 for improper extradition against Defendants Anderson, Jarzynka, Jones, Rogers, and Barrier. Plaintiff alleges that Anderson directed Jarzynka to arrest Plaintiff in Omaha, Nebraska. (Filing No. 16 at CM/ECF p. 4.) Plaintiff alleges that, upon direction by

Anderson, Jarzynka and Jones entered Plaintiff's residence and arrested him "without a Nebraska warrant."[1] (*Id.* at CM/ECF p. 5.) Following his arrest, Plaintiff was held in Douglas County for 66 days. Plaintiff alleges that Rogers and Barrier transported Plaintiff to Iowa, and that Plaintiff "never waived extradition." (*Id.* at CM/ECF p. 14.) It appears from the documents attached to Plaintiff's Second Amended Complaint that Plaintiff was extradited to Iowa without first being given an opportunity to appear before a Nebraska state judge to contest the extradition. (*See id.* at CM/ECF pp. 60-61 (transcript from hearing in the Douglas County District Court showing that, due to a "mixup at the correctional center," Plaintiff was extradited prior to appearing before a Nebraska state court judge). Liberally construed, Plaintiff complains that his arrest and extradition to Iowa violated state and federal extradition laws.

Section 1983 provides a remedy for improper extradition in violation of the Constitution's extradition clause and federal and state statutes. *Brown v. Nutsch*, 619 F.2d 758, 764 (8th Cir. 1980). Here, in light of the liberal construction this court must afford pro se Plaintiffs, the court finds that, for screening purposes only, Plaintiff has stated a plausible claim for relief. Plaintiff has identified the federal law purportedly giving rise to his cause of action, and he has named persons acting under color of state law as Defendants. Therefore, Plaintiff's claims against Defendants Anderson, Jarzynka, Jones, Rogers, and Barrier in their individual capacities may proceed to service. The court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Complaint and Second Amended Complaint. This is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

Plaintiff's Second Amended Complaint refers to several "John and Jane Doe" Defendants who were also allegedly involved in extraditing him to Iowa. Plaintiff is advised that Federal Rule of Civil Procedure 4 requires service of a complaint on a

---

[1]The documents attached to Plaintiff's Second Amended Complaint reflect that Plaintiff was arrested on a warrant from Pottawattamie County, Iowa, charging him with attempted murder, among other things. (Filing No. 16 at CM/ECF p. 29.)

defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. Plaintiff is on notice that if any John or Jane Doe Defendants are not named and served within 120 days, then the claims against them will be dismissed pursuant to the terms of Federal Rule of Civil Procedure 4(m).

### B.  Excessive Force

Plaintiff alleges that, during his arrest, Jarzynka punched him in the mouth and deployed his taser gun. (Filing No. 16 at CM/ECF pp. 5-6.) Following this incident, Plaintiff "could not breath[e]" and he was taken to the hospital. (*Id.*)

The Fourth Amendment's right to freedom from unreasonable searches and seizures encompasses the right to be free from the use of excessive force. *Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *see also Littrell v. Franklin*, 388 F.3d 578, 583-84 (8th Cir. 2004). Such a claim is analyzed under the Fourth Amendment's reasonableness standard. "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Samuelson v. City of New Ulm*, 455 F.3d 871, 875 (8th Cir. 2006) (internal citations and quotations omitted). Here, the court concludes that, for screening purposes only, Plaintiff' has stated a viable excessive force claim against Jarzynka, and the claim may proceed to service of process.

### C.  Failure to Respond to Grievances

Plaintiff alleges that he submitted a grievance to Defendants Higgins and Mabbitt complaining about Jarzynka's actions. (Filing No. 16 at CM/ECF p. 19-21.)

Higgins did not respond to Plaintiff's grievance, and Mabbitt failed to properly investigate Plaintiff's claims. (*Id.*)

Plaintiff did not state a plausible claim for relief against Higgins or Mabbitt. As alleged, their failure to respond to Plaintiff's grievances did not violate any of Plaintiff's constitutional rights. First, it is unclear what duty either Higgins or Mabbitt had to respond to Plaintiff's grievance. Second, to the extent Plaintiff was in their custody at some point, prison officials' failure to process an inmate's grievance, without more, is not actionable under section 1983 because the grievance procedure is a procedural right only and does not confer any substantive rights on inmates. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Accordingly, the court will dismiss Plaintiff's claims against Higgins and Mabbitt without prejudice to reassertion in an amended complaint.

### D.     Ineffective Assistance of Counsel

Plaintiff alleges that Defendants Sosa-Gayton, Sladek, and Burns provided him with ineffective assistance of counsel because they did not sufficiently protect his rights prior to his extradition. (Filing No. 16 at CM/ECF pp. 12, 18.) However, as Plaintiff's public defenders, Sosa-Gayton, Sladek, and Burns are not subject to suit in this action. To state a claim under section 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. *See Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991) ("The conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of section 1983 violations."). Accordingly, the court will dismiss Plaintiff's claims against Sosa-Gayton, Sladek, and Burns without prejudice to reassertion in a habeas corpus action or similar proceeding.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against Higgins, Mabbitt, Sosa-Gayton, Sladek, and Burns are dismissed without prejudice.

2. Plaintiff's claims for monetary relief against Defendants Anderson, Jarzynka, Jones, Rogers, and Barrier in their individual capacities may proceed to service.

3. To obtain service of process on Defendants, Plaintiff must complete and return the summons forms that the Clerk of the court will provide. The Clerk of the court shall send five summons forms and five USM-285 forms to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

4. Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of Plaintiff's Complaint and Second Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summonses and the complaints without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the complaints and Plaintiff does not need to do so.

5. Federal Rule of Civil Procedure 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

6. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

7. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "December 24, 2013: Check for completion of service of summons."

8. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 22nd day of August, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.