IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLIE JOE CHAPMAN, | ) | 8:12CV370 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CHRIS ANDERSON, et al. | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on five Motions filed by Plaintiff. (Filing Nos. 17, 21, 22, 23, and 24.) Two of the Motions seek the appointment of counsel (Filing Nos. 17 and 24), and the three others seek to amend various portions of his Second Amended Complaint (Filing Nos. 21, 22, and 23). For the reasons set forth below, Plaintiff's Motions are denied.

A.  Motions Seeking Appointment of Counsel

Plaintiff seeks the appointment of counsel. (Filing Nos. 17 and 24.) However, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). Upon careful review of the record in this matter, the court finds that no such benefit is apparent here at this time. Thus, the requests for the appointment of counsel are denied without prejudice to reassertion.

B.  Motions to Amend

On August 23, 2013, Plaintiff filed three separate motions seeking leave to amend various portions of his Second Amended Complaint. (Filing Nos. 21, 22, and

23.) Plaintiff filed these Motions prior to receiving the court's Memorandum and Order from August 22, 2013, which dismissed Plaintiff's claims against several defendants, and allowed Plaintiff's claims for monetary relief against five defendants proceed to service of process. (*See* Filing No. 20 at CM/ECF p. 7.)

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." The applicable standard is summarized in *Foman v. Davis*, 371 U.S. 178, 182 (1962), which states:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent reason-such as undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."

*Id.* In addition, Nebraska Civil Rule 15.1 states that "a party who moves for leave to amend a pleading (including a request to add parties) must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments." NECivR 15.1(a). In pro se cases, the court may consider an amended pleading as supplemental to the original pleading. NECivR 15.1(b).

Here, Plaintiff's motions for leave to amend were filed before Plaintiff had an opportunity to review the court's Memorandum and Order dated August 22, 2013. Many of Plaintiff's proposed amendments pertain to matters that are now moot in light of the aforementioned Memorandum and Order. (*See, e.g.*, court's order dismissing Plaintiff's claims against Defendants Yvonne Sosa-Gayton, Scott Sladek, and Tim Burns at Filing No. 20, and Plaintiff's Motion seeking leave to amend damages claims against Defendants Yvonne Sosa-Gayton, Scott Sladek, and Tim Burns at Filing No. 21.) For this reason, the court will deny Plaintiff's Motions without prejudice to reassertion after Plaintiff has had an opportunity to review the

court's Memorandum and Order from August 22, 2013. *However, Plaintiff is cautioned against filing piecemeal motions to amend that do not clearly identify his proposed amendments.*

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motions seeking the appointment of counsel (Filing Nos. 17 and 24) are denied without prejudice to reassertion.

2. Plaintiff's Motions seeking leave to amend his Second Amended Complaint (Filing Nos. 21, 22, and 23) are denied without prejudice to reassertion.

DATED this 23rd day of August, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.