IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLIE JOE CHAPMAN, | ) | 8:12CV370 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CHRIS ANDERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion to Appoint Counsel (Filing No. 28), and Motion for Status and Copies (Filing No. 29). For the reasons set forth below, Plaintiff's Motion to Appoint Counsel is denied, his request for status of the case is granted, and his request for free copies is denied.

A.    **Motion to Appoint Counsel**

Plaintiff seeks the appointment of counsel for reasons entirely unrelated to the issues raised in his Complaint. (Filing No. 28.) Specifically, Plaintiff asks the court to appoint an attorney to represent him in ongoing mental health proceedings in the District Court of Johnson County, Iowa. (*Id.* at CM/ECF p. 1.) Plaintiff's request for counsel is entirely outside the scope of this litigation and, therefore, will be denied. Moreover, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996)*, the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). Upon careful review of the record in this matter, the court finds that no such benefit is apparent here at this time. Thus, the request for the appointment of counsel is denied.

**B.    Motion for Status and Copies**

In Plaintiff's Motion, he states that he mailed summons forms to the court on August 25, 2013, and he asks whether the court has received them. (Filing No. 29.) To date, the court has not received Plaintiff's summons forms. As the court explained in its Memorandum and Order dated August 22, 2013, Plaintiff has 120 days from August 22, 2013, to complete service of process on a defendant. (*See* Filing No. 20.) Failure to do so may result in dismissal of this matter without further notice as to such defendant. Out of an abundance of caution, the court will direct the clerk's office to send to Plaintiff an additional five summons forms and five USM-285 forms for service on Defendants.

In Plaintiff's request for copies, Plaintiff asks for a "Print out of this case history on everything filed in this case." (Filing No. 29.) The statutory right to proceed in forma pauperis does not include the right to receive copies of documents without payment. 28 U.S.C. § 1915; *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077, 1078 (8th Cir. 1973), other citations omitted). The court will direct the clerk's office to respond to Plaintiff's request for copies by informing him of the fees associated with providing him copies of every document filed in this case to date.

IT IS THEREFORE ORDERED that:

1.    Plaintiff's Motion for Appointment of Counsel (Filing No. 28) is denied.

2.    Plaintiff's Motion for Status and Copies (Filing No. 29) is granted in part and denied in part.

3.	Plaintiff's request for status of this case is granted to the extent it is consistent with this Memorandum and Order.  Because it appears that Plaintiff may have lost his summons forms, the court directs the clerk's office to mail to Plaintiff five summons forms and five USM-285 forms for service on Defendants, along with a copy of the court's Memorandum and Order dated August 22, 2013 (Filing No. 20 (providing instructions on how to obtain service of process on Defendants).

4.	Plaintiff's request for free copies of all documents filed in this case is denied.  The court directs the clerk's office to respond to Plaintiff's request for copies by informing him of the fees associated with providing him copies of every document filed in this case to date.

DATED this 9th day of October, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.