IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLIE JOE CHAPMAN, | ) | 8:12CV370 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CHRIS ANDERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before me on several motions filed by the parties, including a Motion to Dismiss filed by Defendant Chris Anderson ("Anderson") (filing no. 54), and a Motion for Summary Judgment, or in the Alternative, Motion to Dismiss, filed by Defendants Travis Jarzynka ("Jarzynka") and E. Jones ("Jones") (filing no. 64). As set forth below, I will deny Anderson's Motion to Dismiss for untimely service as moot because Plaintiff has failed to state a claim against Anderson upon which relief may be granted. In addition, I will grant in part and deny in part Jarzynka and Jones' Motion for Summary Judgment, or in the Alternative, Motion to Dismiss.

## I.   BACKGROUND

Plaintiff filed his original Complaint in this matter on October 18, 2012. (Filing No. 1.) Thereafter, Plaintiff filed an Amended Complaint on January 28, 2013, and a Second Amended Complaint on May 13, 2013. (Filing Nos. 14 and 16.) In his Second Amended Complaint, Plaintiff alleged claims against 12 individual Defendants. (Filing No. 16 at CM/ECF p. 1.) Plaintiff sues these Defendants in their individual capacities only. (*Id.*)

On August 22, 2013, the court conducted an initial review of Plaintiff's Second Amended Complaint. (Filing No. 20.) In doing so, the court dismissed several of Plaintiff's claims, but permitted claims against Iowa Police Officers Anderson and

Jarzynka, Douglas County Sheriff Jones, and Pottawattamie County Sheriffs Eric Rogers ("Rogers") and Steve Barrier ("Barrier"), to proceed to service. (*Id*.) Condensed and summarized, Plaintiff alleges that Anderson directed Jarzynka and Jones to "cross state lines" and enter Plaintiff's "Nebraska" house with an "Iowa warrant" and arrest him on December 14, 2010. (Filing No. 16 at CM/ECF pp. 5-8.) During the arrest, Jarzynka allegedly punched Plaintiff in the mouth and tased him, which resulted in Plaintiff being transported to the hospital. (*Id*. at CM/ECF pp. 5-6.) Plaintiff was subsequently incarcerated in Douglas County, Nebraska, for 66 days. (*Id*. at CM/ECF p. 14.) On February 18, 2011, Rogers and Barrier transported Plaintiff to Iowa. (*Id*. at CM/ECF pp. 14-16.) Plaintiff believes he was improperly transported to Iowa without formal extradition. (*Id*. at CM/ECF pp. 60-61.)

On February 11, 2014, Anderson filed a Motion to Dismiss arguing Plaintiff's claims against him should be dismissed because of untimely service. (Filing No. 54 at CM/ECF p. 2.) Plaintiff has filed a "Motion in Rebuttal" arguing that Anderson was "dodging" service. (Filing No. 56.)

On April 7, 2014, Jarzynka and Jones filed a Motion for Summary Judgment, or in the Alternative, Motion to Dismiss, along with a Brief and Index of Evidence in Support. (Filing Nos. 64, 65 and 66.) In their Brief, Jarzynka and Jones argue that they were authorized to arrest Plaintiff as deputized officers of a federal task force, Plaintiff's medical records conclusively show that no force was used during his arrest, and Plaintiff has failed to exhaust his administrative remedies with regard to claims against them under the Federal Tort Claims Act ("FTCA"). (Filing No. 66.) Plaintiff filed a response (filing no. 68) and Jarzynka and Jones replied (filing no. 71).

After Jarzynka and Jones filed their Reply, Plaintiff filed an additional Response, a "Motion to Show Part of Defendants Contract/Special Deputation," and a Request for Discovery. (Filing Nos. 72, 73 and 74.) Jarzynka and Jones moved to strike these filings because Plaintiff failed to comply with the court's Local Rules. (Filing No. 76.) Plaintiff subsequently filed an Objection to the Motion to Strike,

2

another Motion for Discovery, and a Motion stating that "Defendants are not immune." (Filing Nos. 80, 82 and 83.)  Again, Jarzynka and Jones moved to strike Plaintiff's filings for failure to comply with the Local Rules. (Filing No. 84.)  Also pending is Plaintiff's request for a hearing. (Filing No. 85.)

## II.  MOTIONS TO STRIKE AND REQUESTS FOR DISCOVERY

Before I address the pending dispositive Motions, I will briefly address Jarzynka and Jones' Motions to Strike and Plaintiff's requests.

### A.    Motions to Strike

As discussed above, Jarzynka and Jones have filed two Motions to Strike. (Filing Nos. 76 and 84.)  In these Motions, Jarzynka and Jones argue that the court should strike the documents Plaintiff filed after his first Response to their pending Motion for Summary Judgment because Plaintiff did not comply with the court's local rules, namely NECivR 7.0.1(c). (Filing Nos. 76 and 84.) *See* NECivR 7.0.1(c) (providing that a moving party may reply to an opposing brief, however neither party may "file further briefs or evidence without the court's leave").

I have carefully considered the Motions to Strike and I agree with Jarzynka and Jones that Plaintiff failed to request leave to file additional documents in response to their Motion for Summary Judgment in accordance with NECivR 7.0.1(c). Nevertheless, motions to strike are viewed with disfavor and infrequently granted. *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977). In light of this, and Plaintiff's pro se status, I will not strike Plaintiff's filings.  Accordingly, Jarzynka and Jones' Motions to Strike (filing nos. 76 and 84) are denied.  Plaintiff's Objection to Jarzynka and Jones' first Motion to Strike is granted to the extent his request is consistent with this Memorandum and Order and is otherwise denied.

3

**B.      Plaintiff's Requests for Discovery**

Plaintiff has filed several Motions and requests related to discovery in this matter. (Filing Nos. 73, 74, 82 and 83.)  I have not yet permitted discovery nor have I entered a progression order.  (*See* Docket Sheet.)  Accordingly, all of Plaintiff's discovery Motions and requests are denied.  However, one of his discovery Motions warrants further discussion.

On July 24, 2014, Plaintiff filed a Motion for Discovery addressing his need for "any and all paperwork" related to his "arrest, intrusion and assault." (Filing No. 82.) Liberally construed, this Motion relates to Plaintiff's claim that Jarzynka used excessive force when he punched and tased Plaintiff during his arrest. (*Id*.; Filing No. 16 at CM/ECF pp. 5-6.)  Jarzynka and Jones have moved for summary judgment with regard to this claim, supporting their defense with declarations, affidavits, and medical records.[1]  (Filing Nos. 64, 65 and 66.)  Plaintiff has responded, arguing that "other medical records show injury." (Filing No. 68 at CM/ECF p. 1.)  Jarzynka and Jones have replied, arguing that the medical records they submitted are "uncontradicted" and that Plaintiff has "provided no evidence in his response – only unsupported assertions." (Filing No. 71 at CM/ECF pp. 2-3.)  This argument is unpersuasive when you consider that Jarzynka and Jones filed this Motion before the court entered a progression order.  Indeed, Plaintiff has not had the chance to conduct discovery and has not yet had the opportunity to obtain potentially contradictory medical evidence.

---

[1]The court previously determined that, for screening purposes only, Plaintiff had alleged enough for his excessive force claim to proceed to service.  (Filing No. 20 at CM/ECF p. 5.)  Although Jarzynka and Jones have moved to dismiss some of Plaintiff's claims on the grounds that Plaintiff failed to state a claim upon which relief may be granted, Plaintiff's excessive force claim is not one of them.  (Filing No. 66 at CM/ECF pp. 21-27.)  Stated another way, Jarzynka and Jones are not contesting that Plaintiff's Second Amended Complaint states an excessive force claim.

4

Federal Rule of Civil Procedure 56(d) provides that:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  In light of Plaintiff's pro se status and his assertion that "other medical records show injury," Plaintiff should be permitted to conduct discovery with regard to his excessive force claim. The manner of such discovery will be set forth in a separate progression order.  Furthermore, Jarzynka and Jones' Motion for Summary Judgment, with regard to Plaintiff's excessive force claim, is denied without prejudice to reassertion.

## III.  MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, MOTION TO DISMISS

As discussed above, Jarzynka and Jones' Motion for Summary Judgment with regard to Plaintiff's excessive force claim is denied.  In the same Motion, however, Jarzynka and Jones argue that Plaintiff's claims against them for unlawful arrest, improper extradition, and negligence should be dismissed for failure to state a claim upon which relief may be granted and lack of jurisdiction.  For the reasons discussed below, I agree.

5

## A.      Motion to Dismiss Standard

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043–44 (8th Cir. 2002) (citations omitted).

## B.      Unlawful Arrest

Liberally construed, Plaintiff alleges Jarzynka and Jones illegally entered his property and unlawfully arrested him in violation of the Fourth Amendment. (Filing No. 16 at CM/ECF pp. 5-11.) The Fourth Amendment prohibits law enforcement officials from engaging in "unreasonable searches and seizures" of an individual and his property. U.S. CONST. amend. IV. The Fourth Amendment also outlaws arrests without probable cause. *Beck v. Ohio*, 379 U.S. 89, 90–91 (1964).

In their Brief, Jarzynka and Jones argue that when they arrested Plaintiff they were "duly sworn and deputized members of" the U.S. Marshal Service Metro Area Fugitive Task Force ("FTF"). (Filing No. 66 at CM/ECF pp. 2-3; Filing No. 65-1 at CM/ECF p. 2.) The FTF is organized and operated by the U.S. Marshal Service for the purpose of mutual federal-state-local cooperation and assistance in executing federal, state, and local fugitive arrest warrants in the District of Nebraska. (Filing No. 66 at CM/ECF pp. 2-3; Filing 65-1 at CM/ECF p. 1.) State and local law enforcement officers who are members of the FTF are deputized as Special Deputy

6

U.S. Marshals and work under the supervision of the U.S. Marshal Service.  *See* 28 C.F.R. § 0.112 (authorizing the Director of the U.S. Marshal Service to deputize state and local law enforcement officers).  Since March 2010, both Jarzynka and Jones have been deputized as Special Deputy U.S. Marshals.  (Filing Nos. 65-1 at CM/ECF pp. 1, 3, 4.)  Plaintiff has acknowledged that Jarzynka is a "volunteer of the Nebraska U.S. Marshal Service" in his Second Amended Complaint.  (Filing No. 16 at CM/ECF p. 5.)

On December 14, 2010, the day of Plaintiff's arrest, Jarzynka and Jones were acting under the supervision of and control of the FTF.  (Filing No. 65-1 at CM/ECF p. 2.)  Under this supervision, Jarzynka and Jones executed an Iowa warrant for Plaintiff's arrest.  (*Id.* at CM/ECF pp. 2, 5.)  Plaintiff does not challenge the validity of the warrant, or the authenticity of Jarzynka and Jones' special deputation appointment. Rather, Plaintiff argues that Jarzynka and Jones had no authority to execute the warrant in Nebraska.  (Filing No. 16 at CM/ECF pp. 5-11.)  Plaintiff assumes that Jarzynka and Jones needed a "federal" or "Nebraska" warrant to arrest him in Nebraska.  (*Id.* at CM/ECF p. 7; Filing No. 68.)  This assumption lacks merit. Plaintiff was arrested on a valid outstanding Iowa warrant by duly authorized federal officers under the supervision of the U.S. Marshal Service.  Accordingly, Plaintiff's unlawful arrest allegations fail to state a claim against Jarzynka and Jones are dismissed.  *See also* Neb. Rev. Stat. § 29-742 ("The arrest of a person may be lawfully made also by any peace officer or a private person, without a warrant upon reasonable information that the accused stands charged in the courts of a state with a crime punishable by death or imprisonment for a term exceeding one year.").

## C.    Improper Extradition

As a matter of federal law, "prisoners transferred pursuant to the provisions of [Article IV of the Interstate Agreement on Detainers ("IAD") ] are not required to forfeit any pre-existing rights they may have under state or federal law to challenge their transfer to the receiving state."  *Cuyler v. Adams*, 449 U.S. 433, 450 (1981).

Those rights "include the procedural protections of the [Uniform] Extradition Act (in those states that have adopted it), as well as any other procedural protections that the sending State guarantees persons being extradited from within its borders." *Id.* at 448; *see also Brown v. Nutsch*, 619 F.2d 758, 764 (8th Cir. 1980) (holding section 1983 provides a remedy for improper extradition in violation of the extradition clause and statute).

In addition to his unlawful arrest claims, Plaintiff alleges Jarzynka and Jones' actions violated the Uniform Extradition Act. (Filing No. 16 at CM/ECF pp. 5-11.) Although Plaintiff may have a claim for improper extradition, his Second Amended Complaint does not explain how Jarzynka and Jones were involved in his extradition to Iowa. (*Id.*) Indeed, Plaintiff's Second Amended Complaint specifically alleges that Pottawattamie County Sheriffs Rogers and Barrier transported Plaintiff to Iowa more than two months after Plaintiff's arrest.[2] (*Id.* at CM/ECF pp. 14-16.) Jarzynka and Jones were not involved in this transport. (*Id.*) Because Plaintiff has failed to allege sufficient facts to show that Jarzynka and Jones were somehow involved in his transport to Iowa, his improper extradition claims against them are dismissed.

## D.    Negligence

Liberally construed, Plaintiff may be asserting claims for negligence against Jarzynka and Jones for injuries caused during his arrest. Because Jarzynka and Jones were acting in their capacity as duly authorized federal officers during Plaintiff's arrest, I will liberally construed Plaintiff's negligence allegations as asserting claims pursuant to the FTCA. 28 U.S.C. §§ 1346(b)(1) and 2671. However, before Plaintiff may bring an action under the FTCA, he must first comply with the administrative claim requirement. As set forth in 28 U.S.C. § 2675(a):

---

[2]Rogers and Barrier have filed an Answer (filing no. 45) and are awaiting the court's entry of a progression order. (*See* Docket Sheet; Filing No. 6.)

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). The record before the court shows that Plaintiff has not filed an administrative tort claim with the U.S. Marshal Service. (Filing No. 65-6.) Accordingly, Plaintiff's FTCA claims against Jarzynka and Jones are dismissed for lack of jurisdiction.

## IV.  ANDERSON'S MOTION TO DISMISS

Plaintiff's claims against Anderson stem from his allegation that Anderson ordered Jarzynka and Jones to "cross state lines" and enter his house with an "Iowa warrant" on December 14, 2010. (Filing No. 16 at CM/ECF pp. 3-4.) As discussed above, Jarzynka and Jones were acting as federal officers when they arrested Plaintiff on a outstanding Iowa warrant. Plaintiff does not contest the validity of the warrant or the officer's special deputation appointment. Plaintiff has failed to state an unlawful arrest claim upon which relief may be granted against Jarzynka and Jones, and similarly failed to state a claim against Anderson for "ordering" the arrest. Plaintiff's claims against Anderson are dismissed. Anderson's Motion to Dismiss for untimely service (filing no. 54), and Plaintiff's corresponding Motion in Rebuttal (filing no. 56) are denied as moot.

IT IS THEREFORE ORDERED that:

1.      Jarzynka and Jones' Motions to Strike (filing nos. 76 and 84) are denied.

9

2.      Plaintiff's Objection to Jarzynka and Jones' first Motion to Strike (filing no. 80) is granted to the extent his request is consistent with this Memorandum and Order and is otherwise denied.

3.      Plaintiff's Discovery Motions (filing nos. 73, 82 and 83) are denied.

4.      Jarzynka and Jones' Motion for Summary Judgment, or in the Alternative, Motion to Dismiss (filing no. 64), is granted in part and denied in part in accordance with this Memorandum and Order. That is: (a) the motion for summary judgment on the excessive force claim is denied without prejudice and (b) the motion to dismiss is granted with respect to the unlawful arrest claim, the improper extradition claim and the negligence (FTCA) claim.

5.      Plaintiff's claims against Anderson are dismissed without prejudice for failure to state a claim upon which relief may be granted.

6.      Anderson's Motion to Dismiss for untimely service (filing no. 54), and Plaintiff's corresponding Motion in Rebuttal (filing no. 56) are denied as moot.

7.      Plaintiff's Motion for a Hearing (filing no. 85) is denied.

8.      A separate order will be entered progressing this matter to trial.

9.      This matter is referred to Magistrate Judge Zwart for further progression.


September 30, 2014          BY THE COURT:
                           *Richard G. Kopf*
                           Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.