IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLIE JOE CHAPMAN, | ) | 8:12CV370 |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TRAVIS JARZYNKA, et al., | ) | |
| Defendants. | ) | |

This matter is before me on three Motions for a new ruling filed by Plaintiff. (Filings 90, 91, and 92.) Also pending is Plaintiff's Motion for Leave to file a third amended complaint. (Filing 99.)

**I.     Motions for New Ruling**

In his Motions for a new ruling, Plaintiff asks me to reconsider my September 30, 2014, Memorandum and Order. (Filings 90, 91, and 92.) In that Memorandum and Order, I granted, in part, a Motion for Summary Judgment, or in the alternative, Motion to Dismiss, filed by Defendants Travis Jarzynka ("Jarzynka") and E. Jones ("Jones"). (Filing 87.) Specifically, I dismissed Plaintiff's claims against Jarzynka and Jones under the Federal Tort Claims Act ("FTCA") for failure to exhaust administrative remedies. (*Id*.) I also dismissed Plaintiff's unlawful arrest claims because the record showed that Plaintiff was arrested on a valid outstanding Iowa warrant by duly authorized federal officers acting under the supervision of the U.S. Marshal Service. (*Id*.)

In his first Motion for New Ruling, Plaintiff asserts that he was never asked to "show exhaustion of administrative remedies" and submits unauthenticated documents attempting to show that he did exhaust his administrative remedies. (Filing 90.) This Motion lacks merit for two reasons. First, Jarzynka and Jones clearly argued that Plaintiff failed to exhaust his administrative remedies in their Brief supporting their

Motion to Dismiss his FTCA claim. (*See* Filing 66 at CM/ECF pp. 29-30.) Thus, Plaintiff had notice of the exhaustion issue, and the opportunity to counter Jarzynka and Jones' argument, but he chose not to do so until after his FTCA claim was dismissed.

Second, even if I were to consider the unauthenticated documents that Plaintiff submitted, those documents do not show that Plaintiff filed an administrative tort claim with the U.S. Marshal Service. Accordingly, Plaintiff's first Motion for a New Ruling (filing 90) is denied.

In his second and third Motions for a new ruling, Plaintiff reasserts his claim that Defendants unlawfully arrested him. (Filings 91 and 92.) I addressed this claim in my September 30, 2014, Memorandum and Order and I decline to do so again. (*See* Filing 87.) Plaintiff's second and third Motions for a New Ruling (filings 91 and 92) are therefore denied.

## II.    Motion for Leave to Amend

On November 21, 2014, Plaintiff filed a Motion for Leave to file a third amended complaint. (Filing 99.) Rule 15(a) of the Federal Rules of Civil Procedure provides that courts should freely give a party leave to amend when justice so requires. The applicable standard is summarized in *Foman v. Davis*, 371 U.S. 178, 182 (1962), which states:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent reason–such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be freely given.

*Id.* (internal quotations omitted).

In the Motion, Plaintiff asks the court to hold Defendants "Jarzynka, Jones and Anderson" liable for claims he previously asserted in prior complaints. (*See* Filing 99; *see also* Filings 1, 14, and 16.) Plaintiff also asserts that "nothing has been argued or discussed" regarding his unlawful extradition and excessive force claims. (Filing 99.) Plaintiff attaches a proposed amended complaint seeking to add allegations against the United States Marshal Service for its involvement in his alleged unlawful arrest. (*Id.*)

I have carefully reviewed Plaintiff's Motion for Leave to file a third amended complaint. Again, I have already concluded that Plaintiff failed to state an unlawful arrest claim upon which relief may be granted. (Filing 87.) Plaintiff's proposed addition of the United States Marshal Service as a defendant for that claim, and his reasserted allegations, do not change that result. (*See Id.* at CM/ECF p. 7 (finding Plaintiff was arrested on a valid outstanding Iowa warrant by duly authorized federal officers under the supervision of the U.S. Marshal Service . . . . Neb. Rev. Stat. § 29-742 ("The arrest of a person may be lawfully made also by any peace officer or a private person, without a warrant upon reasonable information that the accused stands charged in the courts of a state with a crime punishable by death or imprisonment for a term exceeding one year.")). My September 30, 2014, Memorandum and Order also dismissed Plaintiff's improper extradition claims against Jardzynka and Jones. (*See* Filing 87 at CM/ECF p. 8.) Plaintiff's proposed amendment does nothing to change that analysis.[1] (*See* Filing 99.) In light of these findings, Plaintiff's proposed amendment would be futile and his Motion for Leave to Amend is denied.

---

[1] I note that Plaintiff's excessive force claims against Jarzynka and Jones, and his improper extradition claims against Eric Rogers and Steve Barrier, remain pending. (*See* Filing 87.)

3

Moreover, Plaintiff is warned that if he continues to file meritless motions, he could be subject to sanctions, including, but not limited to, dismissal of this matter or being enjoined from filing any further pleadings, motions, or other items in this matter without prior authorization from this court. Indeed, the Eighth Circuit has held that litigants who have abused the judicial system may be enjoined from filing future litigation. See *In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988) (recognizing that there is "no constitutional right of access to the courts to prosecute an action that is frivolous or malicious" and that "[f]rivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims" (citations omitted)). "The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process." *Id.* (citations omitted).

IT IS THEREFORE ORDERED that Plaintiff's Motions for New Ruling (filings 90, 91, and 92) and Motion for Leave to file an amended complaint (filing 99) are denied.

DATED this 26th day of November, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.