IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BILLIE JOE CHAPMAN, Mentally Handicapped;

    Plaintiff,

vs.

TRAVIS JARZYNKA, Officer, et al.

    Defendants.

8:12CV370

MEMORANDUM AND ORDER

This matter is before the court on the following pending motions:

- Plaintiff's Motion for Reconsideration, (Filing No. 118) of the undersigned's Memorandum and Order dated May 6, 2015, (Filing No. 117);

- Plaintiff's Motion for Further Request and Facts for Discovery, (Filing No. 119);

- Plaintiff's renewed Motion to Appoint Counsel, (Filing No. 120);

- Defendant's Motion for Protective Order, (Filing No. 122);

- Plaintiff's Further Discovery Motion and Objection to Opposition by Defendants, (Filing No. 125);

- Plaintiff's Motion for an In Camera Review, (Filing No. 126);

- Defendant's Motion for Leave to File a Sur-Reply Brief, (Filing No. 129);

- Plaintiff's Motion for Hearing and for Rebuttal, (Filing No. 130); and

- Defendants' Supplemental Motion for Leave to File a Sur-Reply Brief, (Filing No. 131).

These motions address continued discovery disputes between the parties. Each will be addressed in turn.

1.  Motions for reconsideration and for further discovery. (Filing Nos. 118, 119, and 125).

Each of Plaintiff's motions for reconsideration and for further discovery demand documentation regarding the authority of Defendants Jarzynka and Jones to arrest Plaintiff in Nebraska. Plaintiff believes his arrest was "illegal." However, any information regarding Defendants' authority to arrest Plaintiff, and his detention and eventual extradition to Iowa, is simply not relevant to this case. Those claims were dismissed on summary judgment. (Filing No. 87).

The only remaining cause of action is Plaintiff's claim for excessive force. Plaintiff previously bought a similar discovery motion. (Filing No. 113). Defendants represented they have provided Plaintiff all known non-objectionable, responsive documents in their possession, custody and/or control and have provided Plaintiff with a privilege log identifying relevant, but privileged documents. The undersigned found Plaintiff's repeated request for the same information to be without merit. (Filing No. 117). Plaintiff's request for reconsideration of that ruling, and his additional motions for the same discovery, are redundant, vexatious and will be denied. Any additional motion practice from the Plaintiff with respect to the previously dismissed claims or the scope of discovery for the remaining claim may result in sanctions.

2.  Motion for protective order and related motions. (Filing Nos. 122, 125, 126, 129, 130 and 131).

One area of discovery remains in dispute. Plaintiff's Motion for Reconsideration, (Filing No. 118), can also be liberally interpreted, in part, as a motion seeking to compel the Council Bluff's Police Department's ("CBPD") Internal Affairs report ("Report") investigating Defendants' actions during Plaintiff's arrest. Defendants' initially identified the Report in their privilege log and now seek a protective order.

The Internal Affairs investigation was commenced as a matter of course after Plaintiff filed a complaint with the Council Bluffs Police Department against Defendant Jarzynka. The Report contains the findings of the Internal Affairs Unit's investigation. Although Defendants are no longer asserting the Report is privileged,[1] Defendants argue Plaintiff is not entitled to the production of the Report because the Defendants are not in possession, custody, or control of the Report for the purposes of Fed. R. Civ. P. 34.[2] That is, Defendants argue they possess a copy of the Report with the permission of the Council Bluffs County Attorney. And, pursuant to the CBPD's Internal Affairs Policy, Defendants have no permission or ability to release the Report to third-parties.

In support of their arguments, Defendants rely upon In re One Bancorp Sec. Litig., 134 F.R.D. 4 (D. Me. 1991). In that case, plaintiff tried to compel the production of examination reports prepared by the Federal Deposit Insurance Corporation ("FDIC") from the defendant – a financial institution. The court determined the defendant, despite having a copy of the sought after reports, did not have "possession, custody or control" of the reports because, pursuant to federal law, the reports remained the property of the FDIC and could not be disclosed or made public by the financial institution. Id. at 9.

But other courts have interpreted Fed. R. Civ. P. 34 to mean exactly what it says; that is, a party which has a document "possesses" it for the purposes of the rules governing discovery. In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995). Ruling on an issue similar to the one presented in One Bancorp Sec. Litig., the Bankers Trust Co. the Court determined Federal Reserve reports in the actual possession of the financial institution were subject to disclosure notwithstanding that fact federal regulations provided the reports could not be disclosed without the permission of the Federal Reserve. In so holding, the court determined:

---

[1] See Filing No. 124 n. 2 at CM/ECF p. 3.

[2] Fed. R. Civ. P. 34(a)(1) allows a party to requesting documents within the scope of Rule 26(b) to inspect, copy, test, or sample designated documents with the "responding party's possession, custody, or control."

3

> [F]ederal courts have consistently held that documents are deemed to be within the "possession, custody or control" for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand. Resolution Trust Corp. v. Deloitte & Touche, 145 F.R.D. 108, 110 (D. Colo.1992); Weck v. Cross, 88 F.R.D. 325, 327 (N.D. Ill.1980). Thus, legal ownership of the document is not determinative. In re Sunrise Sec. Litig., 109 B.R. 658, 661 (E.D.Pa.1990); Weck, 88 F.R.D. at 327. It necessarily follows, then, that parties in possession of documents forwarded to them by a federal agency have "possession, custody or control" within the meaning of Rule 34, notwithstanding the fact that the agency by regulation retains ownership and restricts disclosure. See Resolution Trust Corp., 145 F.R.D. at 110 ("Rule 34, which focuses on a party's ability to obtain documents on demand ... is not affected by the [federal agency's] retention of ownership or its unilaterally imposed restrictions on disclosure.")(emphasis added).

In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995). Bankers Trust further held that where the Federal Rules of Civil Procedure conflict with agency regulations, the federal rules governing discovery are controlling. Thus, the financial institution could not refuse to produce reports in its possession despite the agency regulation providing the reports were not to be released without its permission. Id. at 470-71.

In this case, despite having physical possession of the Report, Defendants suggest they do not have possession, custody, or control for the purposes of Fed. R. Civ. P. 34 because of the CBPD Internal Affairs policy. The court disagrees. Defendants have actual possession of the report. The CBPD's internal policies do not override the Federal Rules of Civil Procedure or allow Defendants to ignore an order from the court. Thus, the Report is discoverable.

While Defendants will be required to produce the Report, the court recognizes it undoubtedly contains confidential information and Plaintiff is not entitled to unfettered access to the Report. Thus, a protective order is appropriate. The Defendants should redact any personal information. Additionally, the Defendants will have the option of either providing the Report to Plaintiff under the conditions set forth below, or Defendants may

4

travel to the Iowa Medical and Classification Center and present a redacted copy of the Report for Plaintiff to review and then retrieve the copy from Plaintiff once he has had the opportunity to examine it. In either case, the court expects the parties to work together to accomplish the disclosure of the Report to Plaintiff.

3. Motion for in camera review. (Filing No. 126).

Plaintiff also seeks the production of documents for which defendants have claimed privilege, or in the alternative, an in camera review. These documents are listed on the privilege log created and produced by Defendants. See Filing No. 123-2 at CM/ECF pp. 5-6. With the exception of the Internal Affairs Report, the documents listed on the defendants' privilege log are intra-office emails between the United States Attorney's Office and the United States Marshal's Service and correspondence between the United States Attorney's Office and the attorneys for the City of Council Bluffs and Douglas County.

It is well established that governmental agencies enjoy the protection of the attorney-client privilege. See Coastal Corp. v. Duncan, 86 F.R.D. 514, 520 (D. Del. 1980); see also In re Grand Jury Subpoena Duce Tecum, 112 F.3d 910, 915-16 (8th Cir. 1997)(noting the "broad proposition that a governmental body may be a client for the purposes of the attorney-client privilege"). The attorney-client privilege applies "when the Government is dealing with its attorneys as would any private party seeking advice to protect personal interests," and it "needs the same assurance of confidentiality so it will not be deterred from full and frank communications with its counselors." Center for Medicare Advocacy, Inc. v. United States Department of Health and Human Services, 577 F. Supp. 2d 221, 237 (D.D.C. 2008) (internal quotation marks and citations omitted).

Defendants have established that the communications at issue are protected by the attorney-client privilege and/or the work product doctrine. Plaintiff does not identify any specific documents which he believes are not subject to privilege or suggest what specific

documents he believes should be subject to an <u>in camera</u> review. His motion for production of the documents or an <u>in camera</u> review is denied

4.    Defendants' motions to file sur-reply brief. (Filing Nos. 129 & 130).

Defendant has moved to file a sur-reply brief to address Plaintiff's "unfounded accusations that counsel for the Federal Defendants has lied to the court." (Filing No. 131). The court does not consider Plaintiff's unsupported allegations regarding defense counsel's honesty either reliable or relevant to the motions before the court. No response from defense counsel is necessary.

5.    Plaintiff's motion for appointment of counsel. (Filing No. 120).

For the reasons set forth in Filing No. 25, Plaintiff's renewed motion for appointment of counsel is denied.

Accordingly,

IT IS ORDERED:

1)    The following motions are denied:

    a)    Plaintiff's Motion for Reconsideration, (Filing No. 118) of the undersigned's Memorandum and Order dated May 6, 2015, (Filing No. 117);

    b)    Plaintiff's Motion for Further Request and Facts for Discovery, (Filing No. 119);

    c)    Plaintiff's renewed Motion to Appoint Counsel, (Filing No. 120);

    d)    Plaintiff's Further Discovery Motion and Objection to Opposition by Defendants, (Filing No. 125);

    e)    Plaintiff's Motion for an In Camera Review, (Filing No. 126);

    f)     Defendant's Motion for Leave to File a Sur-Reply Brief, (Filing No. 129);

    g)     Plaintiff's Motion for Hearing and for Rebuttal, (Filing No. 130); and

    h)     Defendants' Supplemental Motion for Leave to File a Sur-Reply Brief, (Filing No. 131).

2)     Defendants' motion for a protective order, (Filing No. 122), is granted in part and denied in part as follows:

    a)     Defendants shall produce the CBPD Internal Affairs' Investigation Report currently in their possession to Plaintiff.

    b)     Before producing the report, Defendants shall redact any personal information appearing within it.

    c)     The Report, along with the information contained in the Report, shall be used solely for the purpose of this action, and Plaintiff shall not, directly or indirectly, use, transfer, disclose, or communicate in any way the Report or its contents to any person other than the parties to this lawsuit and the court and its staff. Any use of the Report beyond the parameters set forth in this action will require prior court approval or the mutual consent of the parties.

    d)     Defense counsel may produce the Report by either: i) providing the redacted copy of the document to the Plaintiff, or ii) travelling to the facility where Plaintiff is currently housed and permitting the Plaintiff to review it, after which the Plaintiff shall promptly return it to defense counsel.

Dated this 2nd day of July, 2015

                                                                               BY THE COURT:

                                                                               *s/ Cheryl R. Zwart*
                                                                               United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.